<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

February 17, 2022

Beth A. Callahan, Esq.
Callahan & Fusco, LLC
103 Eisenhower Pkwy, Ste 400
Roseland, NJ 07068
*Attorney for Plaintiffs*

Alyssa K. Weinstein, Esq.
The Busch Law Group
450 Main St., 3rd Fl.
Metuchen, NJ 08840
*Attorney for Defendant*

## **LETTER OPINION FILED WITH THE CLERK OF THE COURT**

**Re:** ***S.W. and L.L. o.b.o. D.W. v. Glen Ridge Board of Education*,**
**Civil Action No. 21-11137 (SDW) (JSA)**

Counsel:

  Before this Court is Defendant Glen Ridge Board of Education's ("Defendant") Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Rule 78. For the reasons stated herein, Defendant's motion is **DENIED**.

**I.**   <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

  S.W. and L.L. (collectively, "Plaintiffs") filed this suit on May 12, 2021, on behalf of their minor child D.W. (D.E. 1 ("Compl.").) D.W. is a "Multiply Disabled" eight-year-old boy who is eligible for special education and related services. (Compl. ¶ 4.) He was enrolled in Defendant's school district until Plaintiffs "unilaterally" placed him at SEARCH Learning Group ("SEARCH"), a private institution. (*Id.* ¶ 36.) Plaintiffs' counsel informed Defendant of the placement in May 2019, and D.W. started at SEARCH in September 2019. (*See id.* ¶¶ 36, 43.) Plaintiffs allege that they placed D.W. at SEARCH because Defendant did not provide him with a free appropriate public education ("FAPE") in the least restrictive environment ("LRE"), as required by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.*, and N.J.A.C. § 6A:14-1.1, *et seq.* (*See id.* ¶ 7.)

Plaintiffs petitioned the New Jersey Office of Administrative Law for a due process hearing on March 8, 2019, and amended their petition in December 2019 to include a request for reimbursement from Defendant for the expenses they incurred in placing D.W. at SEARCH. (*See id.* ¶¶ 35, 46.) Following a hearing, Administrative Law Judge Susana E. Guerrero ("ALJ Guerrero") issued a Final Decision on April 1, 2021, concluding that Plaintiffs are not legally entitled to reimbursement for their placement of D.W. at SEARCH for the 2019-2020 and 2020-2021 school years. (*See* Compl. at Ex. A ("ALJ Decision") at 53–55.) The ALJ also concluded that (1) Defendant did not violate the IDEA's procedural safeguards in a manner that denied D.W. a FAPE, and (2) Defendant's 2018-2019 and 2019-2020 individualized education programs ("IEPs") offered D.W. a FAPE in the LRE and an opportunity to make meaningful progress. (*See* ALJ Decision at 45–53.) On appeal, Plaintiffs ask this Court to reverse or remand ALJ Guerrero's decision on the basis that her factual findings and conclusions were incorrect. (*See* Compl. ¶¶ 50–70 (Count One).) Plaintiffs also allege that Defendant's failure to provide D.W. an appropriate education was a violation of his rights under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (*See id.* ¶¶ 72–74 (Count Two).) Defendant timely filed the instant Motion for Judgment on the Pleadings and the parties subsequently completed briefing. (D.E. 8, 12, 13.)

## II.     LEGAL STANDARDS

On a motion for judgment on the pleadings under Rule 12(c), the court examines the pleadings in the same manner as it would a Rule 12(b)(6) motion to dismiss. The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation marks and citation omitted). Judgment may only be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* (internal quotation marks and citation omitted). The court may rely only on the pleadings and "'document[s] integral to or explicitly relied upon in the complaint.'" *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (emphasis omitted) (quoting *In re Burlington Coat Factory Sec. Lit.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

When a district court considers an appeal of a state administrative decision under the IDEA, it must "give 'due weight' to the findings and conclusions of the ALJ." *E.I.H. v. Fair Lawn Bd. of Educ.*, 747 F. App'x 68, 71 (3d Cir. 2018) (quoting *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 270 (3d Cir. 2003)). The Third Circuit has described the due weight requirement as a "modified *de novo* review." *S.H.*, 336 F.3d at 270. If the reviewing court disagrees with the ALJ's factual findings, it "must explain why it does not accept the ALJ's findings of fact to avoid the impression that it is substituting its own notions of sound educational policy for those of the agency it reviews." *Id.* Furthermore, when the ALJ has heard live testimony, the court "must accept the state agency's credibility determinations 'unless the non-testimonial, extrinsic evidence in the record would *justify* a contrary conclusion.'" *Shore Reg'l High Sch. Bd. of Educ. v. P.S. ex rel. P.S.*, 381 F.3d 194, 199 (3d Cir. 2004) (quoting *Carlisle Area School v. Scott P.*, 62 F.3d 520, 529 (3d Cir. 1995)). However, "the ALJ's conclusions of law are subject to plenary review." *E.I.H.*, 747 F. App'x at 71 (citation omitted).

### III.     DISCUSSION

"The IDEA protects the rights of disabled children by mandating that public educational institutions identify and effectively educate those children, or pay for their education elsewhere if they require specialized services that the public institution cannot provide." *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 735 (3d Cir. 2009).  Under the IDEA, school districts must (1) identify children in need of special education services, and (2) provide them a FAPE.  *See D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 244 (3d Cir. 2012).  A FAPE, provided by way of an IEP, "consists of educational instruction specially designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to 'benefit' from the instruction." *S.H.*, 336 F.3d at 264 (quoting *Susan N. v. Wilson Sch. Dist.*, 70 F.3d 751, 756 (3d Cir. 1995)); *see Shore Reg'l*, 381 F.3d at 198 (outlining the IDEA's requirements); 20 U.S.C. § 1414(d) (setting requirements for IEPs). "The IEP must be reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's intellectual potential." *Shore Reg'l*, 381 F.3d at 198 (internal quotation marks and citation omitted).

"[W]hen a public school fails to provide a FAPE and a child's parents place the child in an appropriate private school without the school district's consent, a court may require the district to reimburse the parents for the cost of the private education." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 232 (2009) (citation omitted).  Such reimbursement "may be reduced or denied":

> (I) if--
>
>> (aa) at the most recent IEP meeting that the parents attended prior to removal of the child from the public school, the parents did not inform the IEP Team that they were rejecting the placement proposed by the [district,] . . . including stating their concerns and their intent to enroll their child in a private school at public expense; or
>>
>> (bb) 10 business days . . . prior to the removal of the child from the public school, the parents did not give written notice to the [district] of the information described in item (aa); . . . [or]
>
> (III) upon a judicial finding of unreasonableness with respect to actions taken by the parents.

20 U.S.C. §§ 1412(a)(10)(C)(iii)(I) and (III).[1]

These provisions exist because "[t]he IDEA was not intended to fund private school tuition for the children of parents who have not first given the public school a good faith opportunity to meet its obligations." *C.H. v. Cape Henlopen Sch. Dist.*, 606 F.3d 59, 72 (3d Cir. 2010) (citation omitted).  When parents "disregard[] their obligation to cooperate and assist in the formulation of an IEP, and fail[] to timely notify the District of their intent to seek private school tuition reimbursement . . . . courts [have] the authority to equitably reduce or eliminate tuition reimbursement." *Id.* (citing *Forest Grove*, 557 U.S. at 247).  For example, in *W.D. v. Watchung*

---

[1] N.J.A.C. §§ 6A:14-2.10(c)(1), (2), and (4) provide similar reasons to reduce or deny reimbursement.

3

*Hills Reg'l High Sch. Bd. of Educ.*, the Third Circuit and District Court affirmed the ALJ's denial of reimbursement where the parents (1) sought services elsewhere without giving notice to the district, (2) did not reject the district's proposed IEP at the most recent IEP meeting they attended prior to the unilateral placement, and (3) delayed delivering an independent evaluator's report for over two months. *See* N.J. Admin. No. EDS 15092-12, 2013 N.J. AGEN LEXIS 47 (Feb. 27, 2013), *aff'd*, Civ. No. 13-3423, 2014 U.S. Dist. LEXIS 25402 (D.N.J. Feb. 26, 2014), *aff'd*, 602 F. App'x 563 (3d Cir. 2015).

Nonetheless, the Third Circuit has cautioned against "treat[ing] the[] equitable limitations" in § 1412(a)(10)(C)(iii) "as statutory bars on any reimbursement, rather than as discretionary bases for reducing or denying reimbursement." *K. E. v. N. Highlands Reg'l Bd. of Educ.*, 840 F. App'x 705, 710 (3d Cir. 2020) (citing the Supreme Court's holding in *Forest Grove*, 557 U.S. at 247, that "these provisions give courts 'discretion to reduce the amount of a reimbursement award if the equities so warrant'"). In *K.E.*, the Third Circuit described the language of 20 U.S.C. § 1412(a)(10)(C)(iii) as "permissive," and disagreed with the District Court's holding "that the parents were 'not entitled to challenge the district's proposed IEP' as a result of their failure to comply with those provisions." *Id.* Indeed, the Third Circuit remanded the case so that the District Court could, *inter alia*, "address the possibility of a reduction in reimbursement, in lieu of outright denial." *Id.* at 710–11 (citing *Forest Grove*, 557 U.S. at 247).

Here, ALJ Guerrero found that Plaintiffs (1) did not timely reject D.W.'s IEPs or provide written notice of their concerns, and (2) acted unreasonably, denying Defendant an opportunity to address their concerns. (*See* ALJ Decision at 42–44, 53–55.)[2] In particular, the ALJ found that Plaintiffs did not reject Defendant's July 2018 IEP for the 2018–2019 school year and allowed it to be implemented. (*See id.* at 35–36.) Plaintiffs also met with SEARCH in November 2018 and submitted D.W. to SEARCH's intake process in December 2018. (*See id.* at 44, 53.) Around the same time, Plaintiffs hired Dr. Carol Fiorile, BCBA-D, to observe and evaluate Defendant's program. (*See id.* at 26–27, 41.) Dr. Fiorile observed the program in December 2018 and issued a report to Plaintiffs in January 2019, but Plaintiffs did not provide this report to Defendant until October 31, 2019—months after they had placed D.W. at SEARCH. (*Id.* at 41.) The ALJ found that Plaintiffs' decision to withhold the report denied Defendant an opportunity to consider Dr. Fiorile's concerns and recommendations while D.W. was a district student. (*Id.* at 54.)

ALJ Guerrero also found that Plaintiffs only notified Defendant of their intent to place D.W. at SEARCH months after the intake process, by sending a letter to Defendant on May 13, 2019, that did not express any concerns with Defendant's program. (*Id.* at 42, 53–54.) Plaintiffs refused to participate in D.W.'s annual IEP review meeting on May 20, 2019, denying Defendant an opportunity to hear and address Plaintiffs' concerns, and they failed to reject the 2019-2020 IEP that they received from Defendant shortly thereafter. (*See id.* at 42–43, 54.) Instead, Plaintiffs signed a contract with SEARCH on May 31, 2019, and paid $5,000 to enroll D.W. for the 2019-2020 school year. (*Id.* at 44, 54.) Plaintiffs did meet with Defendant in June 2019, but they refused

---

[2] Plaintiffs' opposition brief argues that this Court may not consider the ALJ's decision on a motion for judgment on the pleadings. (*See* D.E. 12 at 8–11.) However, this Court may absolutely consider the ALJ's decision where, as here, it is integral to and attached to the Complaint. *See Mele*, 359 F.3d at 256 n.5.

to engage in any discussion regarding Defendant's proposed program, and they did not disclose that they had already signed the SEARCH contract. (*See id.* at 42–44, 54–55.)

Plaintiffs' Complaint corroborates some of these factual findings. (*See, e.g.*, Compl. ¶¶ 26–30, 36, 41, 58, 61 (alleging that Plaintiffs (1) met with SEARCH before Dr. Fiorile evaluated Defendant's program, (2) notified Defendant of the unilateral placement by letter on May 13, 2019, (3) did not attend the May 2019 IEP meeting, and (4) withheld Dr. Fiorile's report until October 2019).) However, the Complaint also alleges that: (1) Defendant's IEP was a "form document" that was not reasonably calculated to meet D.W.'s unique needs and enable him to make progress; (2) D.W. failed to make meaningful educational progress in Defendant's program during the 2018-2019 school year, as evidenced by witness testimony and objective reports; (3) Plaintiffs were not legally required to provide Dr. Fiorile's report to Defendant before they did, and the ALJ was incorrect to find their actions unreasonable; (4) Plaintiffs gave notice of their concerns to Defendant when they filed for due process on March 8, 2019, but Defendant failed to discuss D.W.'s program with them until May 2, 2019; (5) Plaintiffs gave additional notice through "correspondence of counsel . . ., multiple meetings, and emails" that the ALJ "completely ignored"; (6) the ALJ incorrectly concluded that D.W. did not need one-to-one instruction, which SEARCH provided and Defendant did not; and (7) the ALJ erroneously found certain witnesses for Defendant to be credible even though their testimony was not supported by the evidence. (*See id.* ¶¶ 51, 53, 55–57, 59–60, 62–63.)

Viewing the pleadings and making all inferences in Plaintiffs' favor, Defendant has not "clearly establishe[d] that no material issue of fact remains to be resolved." *Rosenau*, 539 F.3d at 221 (internal quotation marks and citation omitted). Although ALJ Guerrero extensively analyzed the evidence before concluding that Defendant's IEPs offered D.W. a FAPE and that SEARCH was inappropriate for D.W., (*see* ALJ Decision at 3–53), this Court cannot hold that her reasoning was correct without first seeing the evidence on which she relied. Even if this Court agrees with most of the ALJ's analysis, a modified *de novo* review of the administrative record and the equities in this case may reveal that only a reduction in reimbursement is warranted, and not outright denial.

Defendant cites to multiple IDEA cases where the New Jersey Office of Administrative Law denied reimbursement in factually similar situations. (*See* D.E. 8-1 at 24–25.) However, where the District Court affirmed those decisions, the decisions were affirmed on Cross-Motions for Summary Judgment, with the benefit of the full administrative record. *See W.D.*, Civ. No. 13-3423, 2014 U.S. Dist. LEXIS 25402; *K.S. & M.S. o/b/o A.S. v. Summit City Bd. of Educ.*, Civ. No. 12-7202, 2014 U.S. Dist. LEXIS 102672 (D.N.J. July 25, 2014); *W.C. ex rel. R.C. v. Summit Bd. of Educ.*, Civ. No. 06-5222, 2007 U.S. Dist. LEXIS 95021 (D.N.J. Dec. 31, 2007). The procedural posture is unsurprising given that, in civil suits appealing state administrative decisions, the IDEA requires the District Court to "receive the records of the administrative proceedings" and "hear additional evidence at the request of a party." 20 U.S.C. § 1415(i)(2)(C)(i) and (ii). This Court will therefore deny Defendant's Motion for Judgment on the Pleadings.[3]

---

[3] The parties did not address Count II (disability discrimination under Section 504 of the Rehabilitation Act) in their briefs and should be mindful to do so when briefing any future dispositive motions in this case.

**IV.   CONCLUSION**

      For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is **DENIED**. An appropriate order follows.

                                      /s/ Susan D. Wigenton
                              **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Parties
         Jessica S. Allen, U.S.M.J.